Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  Northern/Texas |
|---|---|
| Name (under which you were convicted):<br>Ghassan Elashi | Docket or Case No.: |
| Place of Confinement:<br>FCI - Marion | Prisoner No.:<br>29687-177 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br><br>Ghassan Elashi |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court, Northern District of Texas


    (b) Criminal docket or case number (if you know):  3:04-CR-240-P(4)

2.  (a) Date of the judgment of conviction (if you know):  11/24/2008

    (b) Date of sentencing:  5/27/2009

3.  Length of sentence:  65 years

4.  Nature of crime (all counts):

    See attached.




5.  (a) What was your plea? (Check one)
       (1)   Not guilty ☑        (2)   Guilty ☐        (3)   Nolo contendere (no contest) ☐
    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ☑        Judge only ☐

4. Nature of crime (all counts):

Count 1:  Conspiracy to Provide Material Support and Resources to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. §2339B(a)(1)

Counts 2 through 10:  Providing Material Support or Resources to a Foreign Terrorist Organization in Violation of 18 U.S.C. §2339B

Count 11:  Conspiracy to Provide Funds, Goods, and Services to a Specially Designated Terrorist Organization in violation of 50 U.S.C. §1701-1706

Counts 12 through 21:  Providing Goods and Services to a Specially Designated Terrorist Organization in Violation of 50 U.S.C. §1701-1706

Count 22:  Conspiracy to Commit Money Laundering in Violation of 18 U.S.C. §1956(h)

Counts 23-32:  Money Laundering in violation of 18 U.S.C. §1956(a)(2)(A)

Count 33:  Conspiracy to Impede or Impair the IRS in violation of 18 U.S.C. §371

Counts 34-36:  Filing False Tax Returns in violation of 26 U.S.C. §7206(1)

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8.  Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9.  If you did appeal, answer the following:

   (a) Name of court:   U. S. Court of Appeals/Fifth Circuit

   (b) Docket or case number (if you know):   09-10560, 08-10664, 08-10774, 10-10590, 10-10586

   (c) Result:   Affirmed

   (d) Date of result (if you know):   12/27/2011

   (e) Citation to the case (if you know):   664 F.3d 467

   (f) Grounds raised:

   See attached

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☑   No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know):   11-10437

      (2) Result:

      Denied

      (3) Date of result (if you know):   10/29/2013

      (4) Citation to the case (if you know):   133 S.Ct. 525

      (5) Grounds raised:

         1. Whether or under what circumstances the confrontation clause permits the prosecution to present trial testimony from an anonymous witness.
         2. Whether the co-conspirators exception to the hearsay rule, Fed. R. Evid. 80(d)(1)(E) extends to out of court statements in furtherance of a lawful joint venture.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

      Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

9.     (f)     Grounds raised:

I.       The District Court erred in barring the defense from learning the names of a key government expert and a second government witness.

II.      The District Court erred in admitting highly prejudicial hearsay evidence.

III.     The District Court erred in refusing to exclude evidence under Fed. R. Evid. 403

IV.      The District Court erred in its rulings on issues involving opinion testimony.

V.       The District Court erred in failing to grant Appellants' Motion for Letter Rogatory.

VI.      The District Court erred in refusing to require production to Appellants of their own statements.

VII.     The District Court erred with respect to FISA.

VIII.    The cumulative effect of the errors requires reversal.

IX.      The convictions violated the defendants' right under the double jeopardy clause.

X.       The District Court erred in sentencing the defendants.

XI.      The District Court erred in refusing to suppress evidence unlawfully seized from the offices of the Holy Land Foundation.

XII.     The District Court erred in giving a First Amendment instruction that misstated the law as applied to the facts of the case.

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Defendants received ineffective assistance of counsel at trial.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached.

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Inadequate record to raise issue.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Page 5(a)

**GROUND ONE:**

All defendants received ineffective assistance of counsel at trial.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(a)     The primary issue in this case was whether Hamas controlled the Zakat Committees listed in the indictment. Defense counsel for each of the defendants rendered ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution by inadequately addressing this issue, in the following ways:

1.     Counsel allowed the government to present conclusory testimony from several witnesses that Hamas controlled the committees when the witnesses had no factual basis for the testimony. In fact, this testimony was presented in response to leading and suggestive questions by the government and the witnesses presented no testimony that established that they had any factual basis or knowledge as to whether Hamas controlled the Zakat Committees. These witnesses should not have been allowed to opine that Hamas controlled the Zakat Committees when they had no knowledge of how the Zakat Committees operated. Counsel should have made the proper objections to prohibit this testimony.

2.     Evidence was available that would have conclusively established that Hamas did not control these Zakat Committees. This evidence was from persons actually on the Zakat Committees and from the community where the Zakat Committees were located. Neither the government or the defense presented any testimony from any person with actual personal knowledge as to how the committees operated that would have addressed the question of whether Hamas controlled the committees. The government did not present any witnesses with the personal knowledge because this testimony would have been contrary to their argument. The defense attorneys failure to present this evidence was ineffective assistance of counsel.

3.     At the first trial, which resulted in a mistrial, the defense called expert Nathan Brown. Professor Brown was a very effective witness who had an expertise concerning the Zakat Committees. Unlike the government expert, he had actually visited some Zakat Committees. He had also done extensive investigation and research into the Zakat Committees. His testimony refuted the government's argument that Hamas controlled the Zakat Committees. However, the defense attorneys did not call Professor Brown in the second trial, even though he was the best, most effective witness from the first trial.

(b)     Failing to pursue a motion to suppress the evidence obtained from the government from HLF's offices without a warrant by challenging the blocking order. The Court of Appeals upheld the District Court's denial of the defendant's motion to suppress this evidence and noted that the defense had not challenged the blocking order. The Court of Appeals referred to a Ninth Circuit case that had found constitutional problems with a blocking order and implied that a challenge to the blocking order in this case would have been well founded. The failure to make this challenge constitutes ineffective assistance.

(c)     Not raising a selective prosecution argument. The government selectively prosecutes Muslims and Muslim groups under the statutes used in this case and under similar statutes. Non-Muslims are rarely, if ever, prosecuted for this alleged conduct. A prima facie case of selective prosecution could have been made that would have allowed the defense to engage in the necessary discovery to prove that

this prosecution was pursued based on the defendant's Muslim religion and was in violation of due process.

(d)     Not requesting that the Court order the prosecutor to review the taped conversations that the government had of various defendants and the material seized by the Israeli defense forces and kept in Israel of items seized from the Zakat Committees for exculpatory evidence. While the defense made efforts to review this evidence themselves, they did not ask for an order to the prosecutors for them to fulfill their obligation to review this material for exculpatory evidence. Had the prosecutors been ordered to review this material for exculpatory evidence, evidence would have been discovered that showed that the defendants were attempting to comply with the law and that Hamas did not control the Zakat Committees. This evidence would have included conversations involving the defendants that showed efforts to be in compliance with the law and a belief that they were in compliance. The evidence taken from the Zakat Committees by the Israeli military certainly included pro Fatah material that would indicate that Hamas did not control the Zakat Committees.

(e)     Not requesting an entrapment defense instruction or otherwise pursuing an entrapment defense. After Hamas and other middle eastern groups were listed as prohibited organizations, officers of the Holy Land Foundation met with Treasury Department and other government officials to ensure that they were in compliance with the law. The Holy Land Foundation also hired former Congressman John Bryant to meet with government officials to ensure they were in compliance with the law. These government officials were well aware that HLF contributed to the Zakat Committees. However, the officials declined to tell HLF that these were prohibited transactions, and simply referred them to the published list of prohibited organizations. Since the Zakat Committees were not on the list, this induced the defendants and HLF to continue to make contributions.

(f)     Failure to raise and request a jury instruction on mistake of law. This was a legitimate defense based on the meeting with these officials where the defendants were led to believe that contributions to the Zakat Committees were not prohibited.

(g)     Not challenging the constitutionality of the offenses prohibiting material support to a designated terrorist organization based on unconstitutional vagueness as applied. This challenge would be based on the lack of notice when the prosecution is pursued for giving aid and funds to a non-listed entity.

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:

Defendants received ineffective assistance of counsel on appeal.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached.

Page 6(a)

**GROUND TWO:**

All defendants received ineffective assistance of counsel on appeal.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

a.     The most important issue to raise on appeal was a challenge to the sufficiency of the evidence to support the conviction. The evidence was legally insufficient to prove that Hamas controlled the Zakat Committees. However, defense counsel on appeal did not raise this issue.

If this issue had been raised, it would have resulted in a reversal of all of the convictions of all of the defendants on all of the counts. This is because the government failed to prove that Hamas controlled the Zakat Committees and, without this proof, the evidence is insufficient.

The evidence, taken in the light most favorable to the government, showed the following:

1.     HLF gave funds and assistance to the Zakat Committees.

2.     There were some members of the Zakat Committees who were Hamas members or sympathizers.

3.     Not all of the members of the committees were Hamas members or sympathizers.

4.     Aid went to people based on need. Some aid went to families of Hamas members or sympathizers and some went to other people that were not involved in Hamas. A majority of aid went to families and persons with no connection or sympathy to Hamas.

5.     There was no evidence that the fact that there were Hamas members or sympathizers on the Zakat Committees in any way affected the work of the committees. There was no evidence that Hamas directed the committees on how to operate or that the Hamas members on the committees took actions on behalf of Hamas, or served on the committees on behalf of Hamas.

6.     The government witnesses said, in response to leading suggestive questions, that Hamas controlled the Zakat Committees. However, the witnesses provided no evidence in support of this conclusory statement. The record shows that these witnesses had no information or knowledge as to how he committees operated and were reaching their conclusion that Hamas controlled the committees strictly on the basis that there were Hamas people on the committees. However, that there were Hamas people on the committees does not prove Hamas controlled the committees. Morever, these witnesses stating that Hamas controlled the committees is a conclusory statement that is no substitute for evidence to support the proposition.

b.     Not arguing on appeal that the evidence was insufficient based on the fact that the Zakat Committees were not listed as prohibited organizations to whom financial or other contributions could not be made. In order for the defendants to be guilty of any count in the indictment, the government was required to prove that contributions to the committees was prohibited and they failed to do so.

c.     Defense counsel also rendered ineffective assistance of counsel on appeal by not raising, in their

a

Petition for Writ of Certiorari to the Supreme Court, the erroneous harm analysis by the Fifth Circuit on the four evidentiary errors, identified by the Court of Appeals.  As the defense argued in their Petition for Rehearing En Banc in the Fifth Circuit, the Court engaged in a clearly erroneous harm analysis in several ways.  Among these erroneous approaches were that the Court viewed the evidence in the light most favorable to the government in the harm analysis, which is clearly improper.  Also, the Court ignored the fact that the four items of evidence that were erroneously admitted into evidence were all not in evidence in the first trial.  The first trial ended with some acquittals and a hung jury on the rest of the counts.  The fact that these four items of evidence were not part of the first trial provides the Court of Appeals the necessary facts to make a legitimate, actual harm analysis.  Yet, the Court declined to consider this.  A full explanation of the erroneous harm analysis is in the Petition for Rehearing En Banc filed in the Fifth Circuit.

These facts raised an issue that would have had a reasonably good chance of being accepted by the Supreme Court.  The defense abandoned this very good argument and thus rendered ineffective assistance by not raising it on the Petition for Writ of Certiorari.

d.      Not challenging the constitutionality of the offenses prohibiting material support to a designated terrorist organization based on unconstitutional vagueness as applied.  This challenge would be based on the lack of notice when the prosecution is pursued for giving aid and funds to a non-listed entity.

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ✔

   (2) If you did not raise this issue in your direct appeal, explain why:

   Inadequate record to raise issue.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ✔

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

There is no evidence that Hamas controlled the Zakat Committees.  The defendants are innocent.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

counsel on appeal failed to raise issue constituting ineffective assistance.  New evidence of innocence.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

**GROUND THREE:**

There is no evidence that Hamas controlled the Zakat Committees.  Thus, the defendants are actually innocent.

(a)      Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

In order for any of the defendants to be guilty of any of the counts of the indictment, it was necessary that there be proof that Hamas controlled the listed Zakat Committees.  There was no proof presented at trial that Hamas controlled any of the committees.  Proof that some Hamas members or sympathizers were on the committees was not proof that Hamas controlled the Zakat Committees.

Moreover, numerous affidavits have been obtained from persons who were on the listed Zakat Committees during the time period of the indictment and people that have personal knowledge concerning this issue from personal contact with the committees that confirm that Hamas did not control the Zakat Committees.

The totality of this evidence establishes that each of the defendants are actually innocent and they are imprisoned in violation of the due process clause of the U. S. Constitution.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

The government suppressed exculpatory evidence.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached.

Page 9(a)

**GROUND FOUR:**

The government suppressed exculpatory evidence.

(a)        Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

There is no question that the government had within its possession and control exculpatory evidence that was not turned over to the defense.  This exculpatory evidence is in two broad categories that the defense is able to identify.  The first is the years of phone conversations intercepted by the government during the lengthy covert investigation of the Holy Land Foundation.  There are phone calls involving some of the defendants where comments are made that indicate a desire to follow the law and a belief that they are following the law.  The government, through their classification of these calls, denied the defendant's access to the calls in order that these exculpatory conversations could be located for use at trial.

The second area of exculpatory evidence is the material in a warehouse in Israel, under the control of the Israeli Defense Forces, that was taken by the Israeli Defense Forces from the offices of the Zakat Committees.  The Israeli Defense Forces made this material available to the U. S. government prosecutors, but the defense did not have access to this.  There was evidence from at least one witness, Edward Abdington, that he had been in the Zakat Committees and had seen pictures of Yasser Arafat and other Fatah material.  This type of evidence is exculpatory since it shows that Hamas does not control the committees since Fatah and Arafat are enemies of Hamas.  However, none of this material was ever produced or provided to the defense.

When the government is in exclusive control of a large amount of potential evidence that the defense does not have access to, there is a constitutional imperative that this evidence be reviewed and examined and that all exculpatory evidence located be turned over to the defense.  This requires the government to actually listen to all of the phone conversations in order to identify exculpatory evidence. And it requires the government to review all of the material in the warehouse in Israel to identify exculpatory evidence.

The suppression of this exculpatory evidence and denying the defendants access to it themselves in order that they can find it, constituted a violation of due process.

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Inadequate record to raise issue.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

      Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**GROUND FIVE:**

The Court of Appeals engaged in an improper harm analysis on appeal resulting in a denial of due process.

(a)      Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The Court of Appeals found four items of improperly admitted evidence.  Yet, they found them all individually, and collectively, harmless.  Their analysis was clearly and egregiously incorrect in several ways.  First, the Court viewed the evidence, for the harm analysis, in the light most favorable to the prosecution.  This is an incorrect approach on a harm analysis.  Second, the Court violated the rule that harmless error review must be based on the record as a whole, not merely those portions that favor the government.  Third, the Court incorrectly focused its harmless error review on the sufficiency of the properly admitted evidence to support the facts in dispute.  Fourth, the Court ignored the fact that none of these four items of evidence were introduced in the first trial.  This fact was crucial in determining if there was harm in their admission, since this erroneously admitted evidence was one of the major differences between the two trials.

This erroneous harm analysis is no ordinary error by an appellate court.  It is an egregious indefensible manipulation of the evidence and legal standards in a way designed to achieve a pre-determined result.  This approach to the harm analysis constitutes a violation of due process and equal protection under U. S. Constitution, amends. V and XIV.

(b)      **Direct Appeal of Ground Five:**

(1)      If you appealed from the judgment of conviction, did you raise this issue?

Yes ✓          No ☐

(2)      If you did not raise this issue in your direct appeal, explain why?

On Petition for Rehearing En Banc

(c)      **Post-Conviction Proceedings:**

(1)      Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ✓

(2)      If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)     Did you receive a hearing on your motion, petition, or application:

          Yes ☐       No ☐

(4)     Did you appeal from the denial of your motion, petition, or application:

          Yes ☐       No ☐

(5)     If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

          Yes ☐       No ☐

(6)     If your answer to Question (c)(4) is "Yes, state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:


(7)     If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:



## GROUND SIX:

This prosecution was brought against Movant for improper purposes resulting in a denial of due process and equal protection.

(a)     Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

      This prosecution was a result of the justice department's selective prosecution of Muslims for this type of offense.  Virtually all of the cases brought under these statutes and for similar conduct, is against Muslims.  Non-Muslims are rarely, if ever, prosecuted for similar conduct.  Selective prosecution is a violation of due process and equal protection and that is precisely what occurred in this case.



(b)     **Direct Appeal of Ground Six:**

(1)     If you appealed from the judgment of conviction, did you raise this issue?

          Yes ☐       No ✓


(2)     If you did not raise this issue in your direct appeal, explain why?

          Inadequate record to raise issue.

(c)    **Post-Conviction Proceedings:**

    (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ✓

    (2)    If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)    Did you receive a hearing on your motion, petition, or application:

        Yes ☐      No ☐

    (4)    Did you appeal from the denial of your motion, petition, or application:

        Yes ☐      No ☐

    (5)    If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐      No ☐

    (6)    If your answer to Question (c)(4) is "Yes, state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

    (7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not

        appeal or raise this issue:

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, inadequate record.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
  Linda Moreno, P. O. Box 10985, Tampa, FL 33679; John Cline, San Francisco, CA 94104
(b) At arraignment and plea:
  Linda Moreno, P. O. Box 10985, Tampa, FL 33679; John Cline, San Francisco, CA 94104
(c) At trial:
  Linda Moreno, P. O. Box 10985, Tampa, FL 33679; John Cline, San Francisco, CA 94104
(d) At sentencing:
  Linda Moreno, P. O. Box 10985, Tampa, FL 33679; John Cline, San Francisco, CA 94104

(e) On appeal:

  Linda Moreno, P. O. Box 10985, Tampa, FL 33679; John Cline, San Francisco, CA 94104

(f) In any post-conviction proceeding:

  Gary A. Udashen, 2311 Cedar Springs Road, Suite 250, Dallas, Texas 75201

(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

Signature of Attorney (if any)
Gary A. Udashen, Bar Card No. 20369590
Sorrels, Udashen & Anton
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201; 214-468-8100
214-468-8104 fax

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on ___9 - 1 9 - 1 3___ (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.